IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 22, 2004

## MICHAEL WRIGHT v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Williamson County**
**No. 103-043     Donald P. Harris, Judge**

_____

**No. M2004-00393-CCA-R3-PC - Filed March 8, 2005**

_____

Appellant, Michael Wright, filed a *pro se* petition for post-conviction relief, which was subsequently amended by appointed counsel. Following an evidentiary hearing, the petition was denied. On appeal, Appellant argues that he was entitled to post-conviction relief on his claim that he received ineffective assistance of counsel. After careful review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID G. HAYES and JERRY L. SMITH, JJ., joined.

Mark M. Mizell, Attorney, Franklin, Tennessee, for the appellant, Michael Wright.

Paul G. Summers, Attorney General and Reporter; Helena W. Yarbrough, Assistant Attorney General,  Ronald L. Davis, District Attorney General; and Mary Katherine White, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

**I. Background**

Appellant, Michael Wright, pled guilty to three counts of aggravated burglary, one count of theft over $500 and one count of theft over $1000. He was sentenced to six years as to one count of aggravated burglary, five years on each of the other two counts, two years for theft over $500 and three years for theft over $1000. The latter four sentences were run concurrently with each other but consecutively to the six-year sentence, for an effective sentence of eleven years.

Appellant filed a post-conviction petition alleging three grounds for relief: 1) ineffective assistance of counsel; 2) his conviction was based on an involuntary guilty plea; and 3) his conviction was based on the use of a coerced confession. In this appeal, he alleges that the post-

conviction court erred in its determination that the conduct of defendant's counsel was within the standard demanded of competent defense counsel. Specifically, Appellant claims that his counsel was ineffective in that he failed to: 1) file a motion to suppress Defendant's statement; 2) properly inform Defendant of the consequences of an "open plea" before the Court; 3) inform the court of a discrepancy in the value of the property stolen under one of the theft charges; 4) correct errors in the pre-sentence report before sentencing; 5) provide evidence of mitigating factors at the sentencing hearing; and 6) object to inappropriate testimony at the sentencing hearing.

## II. Analysis

When a claim of ineffective assistance of counsel is made under the Sixth Amendment, the burden is upon the complaining party to show (1) that counsel's performance was deficient, and (2) the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings fundamentally unfair. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Our Supreme Court has applied the *Strickland* standard to the right to counsel under Article I, Section 9, of the Tennessee Constitution. *See State v. Melson*, 772 S.W.2d 417, 419 n. 2 (Tenn. 1989).

In *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975), our Supreme Court required that the services be rendered within the range of competence demanded of attorneys in criminal cases. Further, the court stated that the range of competence was to be measured by the duties and criteria set forth in *Beasley v. United States*, 491 F.2d 687 (6th Cir. 1974), and *United States v. DeCoster*, 487 F.2d 1197 (D.C. Cir. 1973). In reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689; s*ee Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982).

It is unnecessary for a court to address deficiency and prejudice in any particular order, or even to address both if the appellant makes an insufficient showing on either. *Strickland*, 466 U.S. at 697. In order to establish prejudice, the appellant must show that a reasonable probability exists that "but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Burns*, 6 S.W.3d 453, 463 (quoting *Strickland*, 466 U.S. at 694) (citations omitted).

Appellant bears the burden of proving the factual allegations that would entitle Appellant to relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f) (2004). We review the post-conviction court's factual findings underlying a claim of ineffective assistance of counsel under a *de novo* standard with a presumption that those findings are correct – unless the preponderance of the evidence establishes otherwise. *Burns*, 6 S.W.3d at 461. However, the post-conviction court's conclusions of law – such as whether counsel's performance was deficient or whether that deficiency was prejudicial – are reviewed under a *de novo* standard with no presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 457 (Tenn. 2001) (citations omitted).

## A. Failure to File Motion to Suppress

Appellant contends that his trial attorney was ineffective because he did not file a motion to suppress his written statement confessing participation in the offenses to which he pled guilty. Appellant claims his statement was given under duress and was unconstitutional. A confession is not voluntary when "the behavior of [the] State's law enforcement officials has been such as to overbear" the will of an accused and "bring about confessions not freely self-determined." *State v. Kelly*, 603 S.W.2d 726, 728 (Tenn. 1980). During the post-conviction hearing, Appellant testified he was told by the magistrate shortly after arrest that if he gave a statement, reasonable bail would be set. However, the investigator who took the confession denied promising anything for Appellant's cooperation and testified that the confession was given prior to Appellant being taken before the magistrate. The post-conviction court expressly credited the testimony of the investigator. Based on these facts, the post-conviction court concluded that Appellant was not unduly pressured into making a statement. Appellant failed to show by a preponderance of the evidence that a motion to suppress his statement would have been granted. Appellant is not entitled to relief on this issue.

## B. Failure to Inform of Consequences of Plea

Appellant claims his counsel was ineffective for failing to inform him of the consequences of his open plea. In order to meet the "prejudice" requirement of the *Strickland* test in the context of guilty pleas, Appellant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hicks v. State*, 983 S.W.2d 240, 246 (Tenn. Crim. App., 1998). From the record, it appears that when taking Appellant's plea, the trial court advised him as to the full range of punishment for each offense and advised Appellant in layman's terms that the sentences imposed by the court after a sentencing hearing could be ordered to be served concurrently or consecutively. We agree with the post-conviction court that Appellant understood the consequences of pleading guilty without an agreement as to sentence. As such, Appellant failed to demonstrate that even if he had received more advice from counsel, he would not have pled guilty. Appellant is not entitled to relief on this issue.

## C. Failure to Inform Court of Discrepancy in Value of Property

Appellant alleges his attorney failed to adequately challenge the value of two stolen guns, which were the subject of his conviction under count four, the conviction for theft of property over five hundred dollars. The pre-sentence report contains a provision which states that "[a]n investigation by detectives . . . has determined that . . . at [victim's address], a door was kicked in and two (2) guns valued at one hundred ten dollars ($110.00) were taken." However, also included in the pre-sentence report is a victim impact statement which estimates the replacement cost of each gun as $300 and $800, respectively, for a total of $1,100. Appellant testified at the post-conviction hearing that at the time of his arrest, the charge was theft under five hundred dollars, but that the value of the property had "jumped to over eight hundred dollars" by the time Appellant was indicted. By his own testimony, Appellant admits that he was aware of an increase in the alleged value of the

property stolen between the arrest warrant and the indictment, yet he still pled guilty. We are unaware of any way for Appellant's counsel to challenge the alleged value of the guns except during a trial. Appellant chose to plead guilty as charged rather than go to trial. At the post-conviction hearing, he testified that his counsel failed to "correct" the value of the guns at the sentencing hearing. However, Appellant had already pled guilty by that time. Furthermore, Appellant failed to show that he would not have pled guilty to count four, or would have moved to withdraw any of his guilty pleas if his counsel had argued that there was an "error" in the pre-sentence report. Finally, Appellant offered no proof at the post-conviction hearing that the actual value of the guns was less than $500.00. There being no proof of prejudice by the alleged deficient performance, Appellant is not entitled to relief on the issue.

## D. Failure to Correct Other Errors in Pre-sentence Report

Appellant claims his counsel allowed the trial court to rely on inaccurate information at the sentencing hearing because counsel failed to discuss the pre-sentence report with Appellant until shortly before the sentencing hearing. Specifically, Appellant cites two additional errors in the pre-sentence report which counsel failed to correct before the sentencing hearing: 1) a listing of one of Appellant's prior assault charges as an aggravated assault charge; and 2) incorrectly stating that Appellant has no children.

Appellant claims the trial court relied on erroneous information at the sentencing hearing because the pre-sentence report listed a prior assault charge in November 1997 as an "aggravated" assault conviction, when he was actually convicted of simple assault. The pre-sentence report indicates Appellant was convicted of simple assault, although he was arrested for aggravated assault. The court, therefore, was not relying on erroneous information at the sentencing hearing regarding Appellant's prior record.

Next, Appellant claims the trial court relied on erroneous information at the sentencing hearing because the pre-sentence report states that he has no children. He testified at the post-conviction hearing that he has a daughter. Neither Appellant nor his attorney attempted to correct this error at the sentencing hearing. At the post-conviction hearing, Appellant offered no proof as to how this error in the pre-sentence report affected the sentences he received. His post-conviction testimony was limited to the facts that the pre-sentence report erroneously stated he had no children, and that his counsel failed to point this out to the court. Therefore, Appellant failed to show any prejudice caused by the alleged deficient representation provided by counsel. Appellant did state that his counsel failed to raise as a mitigating factor, as discussed below, that the crimes were motivated by a desire to provide for his family. However, he did not testify or otherwise offer proof at the post-conviction hearing regarding this mitigating factor. Appellant is not entitled to relief on this issue.

## E. Failure to Provide Evidence of Mitigating Factors at the Sentencing Hearing

Appellant claims that his attorney failed to fully provide evidence of mitigating factors at the sentencing hearing despite his insistence that his attorney do so. However, in his brief, Appellant

does not specify what, if any, mitigating factors the trial court should have applied. An issue is treated as waived if a defendant has failed to cite authority to support his argument or has failed to make appropriate references to the record. Tenn. Ct. Crim. App. R. 10(b); *State v. Schaller*, 975 S.W.2d 313, 318 (Tenn. Crim. App. 1997); *State v. Turner*, 919 S.W.2d 346, 358 (Tenn. Crim. App. 1995); *see also* Tenn. R. App. P. 27(a)(7) and (g). Appellant did testify at the post-conviction hearing that his counsel should have urged the trial court to consider that (1) he aided authorities in the investigation, and (2) providing for his family motivated him to commit the crimes. Appellant did not present any evidence at the post-conviction hearing that would have supported application of these mitigating factors. Appellant is not entitled to relief on this issue.

## F. Failure to Object to Testimony at Sentencing Hearing

Finally, Appellant argues that his counsel was ineffective for failing to object to inappropriate testimony at his sentencing hearing. Specifically, Appellant complains that his counsel did not object to the testimony of two witnesses: (1) a Sumner County police officer who testified about Appellant's use of a gun during a burglary for which Appellant had not yet been convicted, and that (2) a witness to one of the underlying burglaries who testified that either Appellant or one of his co-defendants used a gun during the burglary. Appellant has not established that this testimony was in fact objectionable. During the post-conviction hearing, the court stated that "[i]t wouldn't have done [counsel] any good" to try and stop or object to this testimony. The evidence does not preponderate against the trial court's ruling. Appellant is not entitled to relief on this issue.

## CONCLUSION

For the reasons set forth above, we affirm the post-conviction court's denial of post-conviction relief.

_____
THOMAS T. WOODALL, JUDGE